**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 03 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSICA GONZALEZ, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT; et al., <br><br> Defendants - Appellants. | No. 10-15271 <br><br> D.C. No. 2:09-cv-00381-JCM-PAL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted May 11, 2011
San Francisco, California

Before: HUG and PAEZ, Circuit Judges, and WATSON,[**] District Judge.

In this civil rights action under 42 U.S.C. § 1983, Officer Russell Cragin and

the Las Vegas Metropolitan Police Department ("LVMPD") appeal the district

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Michael H. Watson, District Judge for the U.S. District Court for Southern Ohio, Columbus, sitting by designation.

court's denial of summary judgment. Officer Cragin challenges the district court's denial of his defense of qualified immunity. Because Officer Cragin is entitled to qualified immunity on Gonzalez's Fourth Amendment arrest claim, we reverse the denial of summary judgment. Officer Cragin and LVMPD also ask us to exercise pendent jurisdiction over the district court's denial of summary judgment as to Gonzalez's other claims under section 1983 and state tort law. We do not have jurisdiction to review the district court's rulings as to those claims, and we therefore dismiss the appeal in part.

We have jurisdiction over an interlocutory appeal from a denial of the defense of qualified immunity "to the extent that it turns on an issue of law." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Here, the district court's ruling turned entirely on the legal question of whether Officer Cragin had probable cause to arrest Gonzalez based on the information contained in the arrest warrant and the information provided by Gonzalez, none of which was disputed. Accordingly, we have jurisdiction to review the district court's ruling.

An official is entitled to qualified immunity unless the official's conduct violated a clearly established constitutional right. *Pearson v. Callahan*, 129 S.Ct. 808, 816 (2009). Analysis of whether an officer is entitled to qualified immunity requires two steps. "First, a court must decide whether the facts that a plaintiff has

alleged . . . make out a violation of a constitutional right." *Id*. at 815-16 (internal citations omitted). Second, "the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id*. at 816. The Supreme Court has held that a court may at its discretion begin the analysis with either step. *Id*. at 818.

Here, we do not reach the question of whether the facts alleged by Gonzalez make out a violation of a constitutional right because we conclude that the right at issue was not clearly established at the time of Gonzalez's arrest. In *Hill v. California*, the Supreme Court affirmed a California court's ruling that "'when the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest.'" 401 U.S. at 802-03 (quoting *People v. Hill*, 446 P.2d 521 (Cal. 1968)). We have further explained that when an arrest is based on a valid warrant, "[t]he only question . . . is whether a reasonable officer would have detained [the person] for verification of the warrant, in light of clearly established law and the information [the officer] possessed." *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 952 (9th Cir. 2003), *overruled in part on other grounds by Virginia v. Moore*, 533 U.S. 164 (2008).

Here, although the warrant listed a different social security number than Gonzalez provided to Officer Cragin, the warrant's description was an exact match with Gonzalez's name, date of birth, hair color, eye color, and height. Gonzalez points to no cases holding that an officer does not have probable cause to arrest a person based on a valid warrant containing information that matches a person so closely. Accordingly, under the prevailing law at the time of Gonzalez's arrest, a reasonable officer in Cragin's position would have no reason to believe that arresting Gonzalez would violate her constitutional rights. *See id.* (holding that it was reasonable to detain defendant where warrant contained same last name, address, and approximate height and weight as suspect, even though date of birth differed by two years). Accordingly, the district court erred in denying summary judgment to Officer Cragin on his defense of qualified immunity for the warrant arrest of Gonzalez.

Last, we do not have jurisdiction over the appeal from the district court's ruling on the remaining section 1983 and state tort claims. We may only exercise pendent jurisdiction over claims that are "inextricably intertwined" with claims over which this court has appellate jurisdiction. *See Huskey v. City of San Jose*, 204 F.3d 893, 905-06 (9th Cir. 2000). Here, the qualified immunity analysis regarding the section 1983 Fourth Amendment arrest claim against Officer Cragin

4

is legally and factually distinct from the state tort claims and the section 1983

*Monell* claim against LVMPD for the detention of Gonzalez.

REVERSED with instructions to grant Officer Cragin's motion for summary

judgment on the defense of qualified immunity for the warrant arrest of Gonzalez.

DISMISSED as to all other claims.

Appellants to recover costs on appeal.